UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONSTANCE HERBERT, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-8335 |
| STATE FARM INSURANCE COMPANY, ET AL. | SECTION:  "C" (5) |

## ORDER AND REASONS

Before the Court are defendant's Motion for Partial Summary Judgment as to Plaintiffs' Claims for Attorney's Fees (Rec. Doc. 52) and defendant's Motion for Partial Summary Judgment as to Plaintiffs' Bad Faith Penalty Claim (Rec. Doc. 59). Based on the memoranda submitted by the parties, the record, and the applicable law, the Court GRANTS IN PART AND DENIES IN PART defendant's Motion for Partial Summary Judgment as to Plaintiffs' Bad Faith Penalty Claim (Rec. Doc. 59) and DISMISSES without prejudice defendant's Motion for Partial Summary Judgment as to Plaintiffs' Claims for Attorney's Fees (Rec. Doc. 52) for the reasons below.

I.  BACKGROUND

Plaintiffs seek recovery under their homeowners policy for alleged damages to their property during Hurricane Katrina. Plaintiffs owned property located at 321, 323, and 329 12th

Street, Gretna, Louisiana. 321 and 323 12th Street is a duplex. Plaintiffs reside in 323 12th Street and plaintiffs' family lives in 321 12th Street.  329 12th Street is a detached metal building with an upstairs living area. State Farm provided homeowners insurance on the property in the following amounts: $225,000.00 for damage to the dwelling; $103,800.00 for damage to any dwelling extension; and $157,500.00 for damage to personal property, all subject to increases based upon inflation.  To date, State Farm has paid a total of $116,481.41 for damages covered under Plaintiffs' homeowners policy.

Plaintiffs seek penalties pursuant to La.Rev.Stat. § 22:658 and La.Rev.Stat. § 22:1220 based on allegations that State Farm acted arbitrarily and capriciously when it partially denied Plaintiffs' claim.  Plaintiffs claim defendant acted in bad faith in its 1) "failure to issue accurate estimates of Plaintiffs' dwelling damages;" 2) "its insufficient reasons for denial of Plaintiffs' claim for damages to their dwelling extension;" 3) "its eighty percent depreciation of Plaintiffs' damaged contents;" and 4) "its failure to accept Plaintiffs' proof of loss for additional lost contents." (Rec. Doc. 90 at 1-2).  As some of defendant's alleged acts occurred after the 2006 amendment to La.Rev.Stat. §  22:658, plaintiffs claim they are entitled to attorneys' fees under the current version of the statute or in the alternative, to attorneys' fees under La.Rev.Stat. § 22:1220.  Defendant argues that plaintiffs' can not prove that defendant's failure to make timely payment was in bad faith and instead reflects a genuine disagreement over whether the loss was covered by the policy.  Second, defendant argues that it was never presented with satisfactory

proof of loss as to the personal property claims. As to attorneys' fees, defendant argues that neither La.Rev.Stat. § 22:658 (prior to the 2006 amendments) nor La.Rev.Stat. § 22:1220 provides attorneys' fees and therefore, plaintiffs' claims are prohibited.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the

non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

### III.   LAW AND ANALYSIS

*Bad Faith Claims*

Plaintiffs must prove that "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause" to establish a claim for bad faith under LSA R.S. 22:658 and 22:1220. *Sher v. Lafayette Ins. Co.* 2008 WL 928486, 17 (La.), 2007-2441 (La. 4/8/08), 26 (La.,2008). Whether or not plaintiffs' notifications were satisfactory is a genuine issue of material fact appropriate for trial. *See Malbrough v. State Farm Fire and Cas. Co.*, 1996 WL 533630 at *1 (E.D. La., Sept. 13, 1996)(Berrigan, J.)(holding whether plaintiff's proof was sufficient was triable). Similarly, "[w]hether an insurer has been arbitrary and capricious is generally a question of fact." *Ferguson v. State Farm Ins. Co.* 2007 WL 1378507, 4 (E.D.La.,2007)(Berrigan, J.)(citing *La. Maint. Serv. Inc*, 616 So.2d at 1253.). "The Louisiana phrase, 'arbitrary, capricious, or without probable cause,' is synonymous with 'vexatious.' Both describe an insurer whose willful refusal of a claim is not based on a good faith defense." *La. Maint. Serv. Inc. v. Certain Underwriters at*

*Lloyd's of London*, 616 So.2d 1250 (La.1993), *citing Phillip Rosamond Drill. Co., Inc. v. St. Paul F. & M.I. Co.*, 305 So.2d 630 (La.App. 2nd Cir.1974.)  Examples of "bad faith" conduct include plaintiff allegations of defendant insurer misrepresenting the terms of the policy (*Ray Brandt Motors, LLC v. Certain Underwriters at Lloyd's, London*, 2008 WL 79795No. 07-29, Jan. 4, 2008 (Berrigan, J.)); an insurer's refusal to pay based on plaintiff's lack of maintenance despite earlier insurer inspections documenting adequate maintenance (*Sher* at 17); and an insurer's belated change of defenses (*La. Maint. Serv. Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1253 (La.1993).

     Plaintiffs fail to provide sufficient evidence of a genuine issue of material fact as to defendant's 1) failure to accurately estimate plaintiffs' dwelling damages; and 2) denial for plaintiffs' claim for damages to their dwelling extensions.  Defendant revisited plaintiffs' estimates (and conducted additional site visits) upon notification by plaintiffs of additional costs or unaccounted for damages.  There is no evidence that defendant provided an absurdly low estimate of dwelling damages or that defendant refused to consider information suggestive of additional or unaccounted for damage.  Nor is there any prejudice or harm to defendants where the dates of inspection are incorrect, but it is uncontested that the inspections took place.  Similarly, defendant repeatedly sought additional information to counter documentary evidence in its file - provided by the plaintiffs - suggesting that the 329 12th Street property had been leased.  In addition to the interviews and documentation, the defendant denied plaintiffs' claim

as to 329 12th Street based on two visits to the property.  In both instances, defendant has demonstrated a good faith basis for its actions.

Plaintiffs have demonstrated a genuine issue of material fact as to their claims that defendant arbitrarily depreciated their personal property.  The December 8, 2005 Contents Inventory Summary lists 80% depreciation for 10 out of 21 items and 60% depreciation for 6 out of 21 items.  Defendant's depreciation of plaintiffs' inventory was apparently based on a site visit that noted, "80% dep[reciation] taken on items in garage area of 321 [12th Street] as in very poor condition and inspection reveals items are very old." (Rec. Doc. 90-3, Activity Log Report, Dec. 8, 2005).  At the same time, the Activity Log repeatedly references the hurricane-wreaked destruction of the garage (Rec. Doc. 90-3, Activity Log Report Nov. 30, 2005 ("question of repairability of garage"); Activity Log Report Dec. 13, 2005 ("poss[ible] t[otal]/l[oss]").

Plaintiffs also demonstrates a genuine issue of material fact as to defendant's failure to timely adjust plaintiffs' claim for personal property after submission of additional documentation on August 29, 2007.  Defendant had specifically requested proof of ownership of specific items that had been thrown away during the clean-up of plaintiffs' property.  Plaintiffs provided evidence of additional receipts and inventory dated August 29, 2007.  (Rec. Doc. 90-34). Plaintiffs' exhibit of defendant's activity log, which is dated February 8, 2008, does not show any activity on plaintiffs' claims after August 21, 2007 and does not show receipt or evaluation of the material provided.  Plaintiffs also submitted photographic evidence apparently served on

defendants August 29, 2008. (Rec. Doc. 90-33) as discovery in the current litigation.   There is a question of material fact as to whether defendant acted in bad faith in failing to timely adjust plaintiffs' claim for personal property.

*Attorneys' Fees*

The Louisiana legislature's most recent amendment to La.Rev.Stat. § 22:658 went into effect on August 15, 2006, and increased the penalties for violations of the statute from 25 percent to 50 percent in addition to adding recovery for reasonable attorney fees and costs. Based on the above reasoning, only plaintiffs' claims for arbitrary depreciation and failure to timely adjust personal property damages could invoke the bad faith penalties under Louisiana law.  Of these two instances, the arbitrary depreciation occurred December 8, 2005 and is therefore clearly subject to the previous version of La.Rev.Stat. § 22:658.  It is unclear, however, whether plaintiffs' claim that defendants failed to timely adjust her claim after satisfactory proof of loss when she submitted additional documentation on August 29, 2007, i.e. after the amendment date, would be subject to the current or previous version.

> The Louisiana Supreme Court, interpreting La.Rev.Stat. § 22:658.2, has held:
>
> Because the duty is a continuing one, had plaintiff not first made satisfactory proof of loss prior to the amendment of R.S. 22:658, his petition for damages served after the amendment became effective could have served as satisfactory proof, thereby triggering the time period set forth in the statute and could have subjected Lafayette to the penalties contained in the amendment because the claim would have first arisen after the amendment. Further, again because the

>duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had Lafayette paid that claim, and had plaintiff discovered new damage and made satisfactory proof which Lafayette failed to pay within the time period contained in the statute, but after the amendment became effective, Lafayette could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment. Neither of those situations is the case here-the claim for the penalties contained within the statute arose prior to the effective date of the amendment.

*Sher v. Lafayette Ins. Co.,* 988 So.2d 186, 199 (La.,2008). It is unclear whether plaintiffs' claims fit into the exceptions indicated by *Sher*. Plaintiffs noted that the Fifth Circuit is currently considering this particular issue in *Kodrin v. State Farm* (U.S. Fifth Circ. Nos. 08-30092 & 08-30169) and consolidated cases. Dismissing this limited penalty issue without prejudice is unlikely to prejudice either party Deferring a decision on this limited penalty issue is unlikely to prejudice either party prior to trial.

**IV.   CONCLUSION**

Accordingly,

IT IS ORDERED that defendant's Motion for Partial Summary Judgment as to Plaintiffs' Bad Faith Penalty Claim (Rec. Doc. 59) is GRANTED with respect to claims that defendant failed to issue accurate estimates and provided insufficient reasons for denying claims for 329 12th Street and DENIED with respect to claims related to defendant's depreciation of plaintiffs' property and its adjustment of plaintiffs' submissions of proof on or after August 2007.

IT IS FURTHER ORDERED that defendant's Motion for Partial Summary Judgment as to Plaintiffs' Claims for Attorney's Fees is hereby DISMISSED without prejudice. (Rec. Doc. 52).

New Orleans, Louisiana, this 22nd day of December, 2008.

                                                    HELEN G. BERRIGAN
                                                    UNITED STATES DISTRICT JUDGE